United States District Court
Southern District of Texas
**ENTERED**
March 19, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BRYANT WOODS, SPN #02247123, | § | |
| *Plaintiff*, | § | |
| vs. | § | CIVIL ACTION NO. H-24-722 |
| HOUSTON POLICE DEPARTMENT, *et al.*, | § | |
| *Defendants*. | § | |

**MEMORANDUM OPINION AND ORDER**

The plaintiff, Bryant Woods (SPN #02247123), is a pretrial detainee in custody at the Harris County Jail. Proceeding *pro se* and *in forma pauperis*, he filed a civil rights complaint under 42 U.S.C. § 1983 based on allegations that the Houston Police Department, "District Attorney" Ian Loyd, and Harris County District Judge Lori Chambers Gray are violating his civil rights in his on-going state-court criminal proceedings. (Dkt. 1). Woods's complaint is governed by the Prison Litigation Reform Act (PLRA), which requires the court to screen complaints filed by prisoners seeking relief from the government as soon as feasible after docketing. 28 U.S.C. § 1915A(a); *see also* 28 U.S.C. § 1915(e) (providing for the screening of suits filed by persons proceeding without prepaying the filing fee). Having conducted the required screening of Woods's complaint, the court dismisses

this action for the reasons explained below.

## I. BACKGROUND

Publicly available records show that Woods is currently in jail on a charge of capital murder. *See* Case Details, https://www.hcdistrictclerk.com (last visited Mar. 15, 2024). On February 28, 2024, he filed a "Prisoner's Civil Rights Complaint," identifying the defendants as the Houston Police Department, "District Attorney" Loyd, and Judge Gray. (Dkt. 1, p. 3).

In his complaint and its attachments, Woods alleges he has been falsely accused of capital murder. (*Id.* at 4-5). He alleges that the Houston Police Department contends that he shot the victim during the course of a robbery, but he contends that he has an alibi for the time of the shooting and does not match the description of the shooter. (*Id.* at 5). Woods alleges that all the evidence against him, including a video of the shooting, has been falsified. (*Id.* at 4). He alleges that HPD officers illegally arrested him on "a no-knock warrant" when they stopped his girlfriend's car and ordered him out at gunpoint. (*Id.*). Woods denies that he had any warrants of any kind on the date of his arrest, and he alleges that the search of the car turned up no evidence. (*Id.*). Woods alleges that HPD has violated his constitutional rights by falsifying the arrest warrant, illegally arresting him, falsifying the police report, planting evidence, and providing false testimony against him. (*Id.* at 3).

As to Attorney Loyd, Woods alleges that he is a "district attorney." (*Id.* at 3). Woods alleges that Loyd has allowed perjury and corruption during various court proceedings and has taken "no corrective actions" to ensure that Woods receives a fair trial. (*Id.*).

As to Judge Gray, Woods alleges that she has failed to provide him with a second appointed attorney for more than 20 months. (*Id.*). He also alleges that Judge Gray has not responded to or ruled on the motions, complaints, and requests for relief that he has filed. (*Id.* at 4).

As relief, Woods seeks dismissal of the charges against him and the release of his personal property. (*Id.*). He also seeks unspecified money damages and punitive damages. (*Id.*).

## II. LEGAL STANDARDS

### A. Actions Under 42 U.S.C. § 1983

Woods brings his action under 42 U.S.C. § 1983. "Section 1983 does not create any substantive rights, but instead was designed to provide a remedy for violations of statutory and constitutional rights." *Lafleur v. Texas Dep't of Health*, 126 F.3d 758, 759 (5th Cir. 1997) (per curiam); *see also Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979). To state a valid claim under § 1983, a plaintiff must (1) allege a violation of rights secured by the Constitution or laws of the United States, and (2) demonstrate that the alleged deprivation was committed by a person

acting under color of state law. *See West v. Atkins,* 487 U.S. 42, 48 (1988); *Gomez v Galman*, 18 F.4th 769, 775 (5th Cir. 2021) (per curiam). When the facts alleged by the plaintiff, taken as true, do not show a violation of a constitutional right, the complaint is properly dismissed for failure to state a claim. *See, e.g., Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009) (per curiam); *Rios v. City of Del Rio, Tex.,* 444 F.3d 417, 421 (5th Cir. 2006).

**B. <u>The Prison Litigation Reform Act</u>**

The PLRA, which governs Woods's action, requires the Court to examine the legal and factual basis of a prisoner's complaint and dismiss the case if it determines that the complaint "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also* 28 U.S.C. § 1915A(b); 42 U.S.C. § 1997e(c).

A complaint is frivolous "if it lacks an arguable basis in law or fact." *Geiger v. Jowers,* 404 F.3d 371, 373 (5th Cir. 2005) (per curiam) (citing *Denton v. Hernandez*, 504 U.S. 25, 31-32 (1992)). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997) (citing *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). "A complaint lacks an arguable basis in fact if, after providing the

plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Rogers v. Boatright*, 709 F.3d 403, 407 (5th Cir. 2013) (cleaned up).

A complaint fails to state a claim upon which relief can be granted if it does not contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). In reviewing the complaint, the Court must construe all allegations "liberally in favor of the plaintiff" and must consider whether "with every doubt resolved on [the plaintiff's] behalf, the complaint states any valid claim for relief." *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009) (cleaned up). If the complaint does not state a claim for relief, it may be dismissed, even before service on the defendants. *See Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

### C. ***Pro Se* Pleadings**

Woods is proceeding *pro se* in this action. Courts construe pleadings filed by *pro se* litigants under a less stringent standard of review. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). Under this standard, "[a] document filed *pro se* is 'to be liberally construed.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). But even under this liberal standard, *pro se* litigants must still "abide by the rules that govern the federal courts." *E.E.O.C. v. Simbaki, Ltd.*, 767 F.3d 475, 484 (5th Cir. 2014). They must

"properly plead sufficient facts that, when liberally construed, state a plausible claim to relief, serve defendants, obey discovery orders, present summary judgment evidence, file a notice of appeal, and brief arguments on appeal." *Id.* (cleaned up).

## III. DISCUSSION

### A. Claims Against Judge Gray

Woods alleges that Judge Gray violated his constitutional rights by failing to appoint a second attorney to defend him and by failing to respond to or rule on the motions he filed in his state criminal proceedings. Woods seeks both damages and injunctive relief for these alleged violations.

#### 1. The Damages Claims

While § 1983 provides a remedy for violations of federal law by state officials, state-court judges are immune from damages claims arising out of acts performed in the exercise of their judicial functions. *See Mireles v. Waco*, 502 U.S. 9, 9-10 (1991) (per curiam); *Mays v. Sudderth,* 97 F.3d 107, 110 (5th Cir. 1996). A plaintiff may overcome judicial immunity only when either (1) the claims are based on actions that are not judicial in nature, or (2) the claims are based on actions that, although judicial in nature, are taken in the complete absence of all jurisdiction. *Mireles*, 502 U.S. at 11-12.

In determining whether a judge's actions were "judicial in nature," the Court considers "(1) whether the precise act complained of is a normal judicial function;

(2) whether the acts occurred in the courtroom or appropriate adjunct spaces such as the judge's chambers; (3) whether the controversy centered around a case pending before the court; and (4) whether the acts arose directly out of a visit to the judge in his official capacity." *Malina v. Gonzales*, 994 F.2d 1121, 1124 (5th Cir. 1993). These factors are broadly construed in favor of immunity, and immunity may be granted even though one or more of these factors is not satisfied. *Id.*

Woods does not satisfy either of the elements to overcome judicial immunity. Woods cannot show that Judge Gray was acting in the absence of all jurisdiction because, as the district judge for the 262nd District Court, Judge Gray has jurisdiction over the cases pending in that court. *See* TEX. CONST. art. V, § 8 ("District Court jurisdiction consists of exclusive, appellate, and original jurisdiction of all actions, proceedings, and remedies, except in cases where exclusive, appellate, or original jurisdiction may be conferred by this Constitution or other law on some other court, tribunal, or administrative body."); *see also Dubai Petroleum Co. v. Kazi*, 12 S.W.3d 71, 75 (Tex. 2000) ("A Texas district court . . . is a court of general jurisdiction" and "all claims are presumed to fall within the jurisdiction of the district court unless the Legislature or Congress has provided that they must be heard elsewhere.").

In addition, Woods does not allege facts showing that Judge Gray's actions were not judicial in nature. Decisions about whether to appoint counsel, who that

counsel will be, when to schedule hearings, and whether to entertain motions and arguments from defendants who are represented by counsel are normal judicial functions. *See, e.g., Davis v. Tarrant County, Tex.*, 565 F.3d 214, 222 (5th Cir. 2009) ("The appointment of counsel for indigent defendants in criminal cases is a normal judicial function."); *Slayton v. Cheadle*, No. H-22-4411, 2023 WL 424832, at *4 (S.D. Tex. Jan. 26, 2023) (decisions about when to schedule hearings and whether to entertain motions and arguments from defendants represented by counsel are normal judicial functions). Orders of this nature are normally entered either in the courtroom or the judge's chambers. Woods's claims against Judge Gray arise directly out of his pending state-court criminal case, and the challenged actions arise from hearings before Judge Gray in her official capacity. These facts demonstrate that the challenged actions were typical judicial actions for which Judge Gray is protected by judicial immunity. Woods's claim for damages against Judge Gray is therefore dismissed with prejudice under 28 U.S.C. § 1915(e)(2)(B)(iii) as seeking monetary relief from one who is immune.

### 2. <u>The Injunctive Relief Claims</u>

Judicial immunity does not bar prospective injunctive relief against a judicial officer acting in a judicial capacity, *see Pulliam v. Allen*, 466 U.S. 522, 536 (1984), and Woods seeks injunctive relief to order the dismissal of the charges against him and return his personal property. But to state a claim for prospective injunctive

relief, Woods must show that he has no adequate remedy at law and that he is exposed to a serious risk of irreparable harm. *Id.* at 537.

In this case, Woods has an adequate remedy at law to obtain this relief, both through the pending criminal proceedings and through the state-court appeals process. *See Pleasant v. Sinz*, No. 9:15-cv-00166-MHS, 2016 WL 4613359, at *4 (E.D. Tex. Aug. 5, 2016) (the appeals process provides an adequate remedy at law). Woods has therefore not stated a claim for injunctive relief against Judge Gray upon which relief can be granted, and his injunctive relief claim is dismissed with prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii).

**B. <u>Claims Against Attorney Loyd</u>**

Woods identifies Loyd as a "district attorney." District attorneys, who prosecute cases on behalf of the State, are entitled to absolute immunity for actions they take to prosecute a defendant in a criminal case. *See Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976). This includes immunity "for their conduct in initiating a prosecution and in presenting the State's case insofar as that conduct is intimately associated with the judicial phase of the criminal process." *Wooten v. Roach*, 964 F.3d 395, 407 (5th Cir. 2020) (quoting *Burns v. Reed*, 500 U.S. 478, 486 (1981)). Woods's allegations concern Loyd's alleged actions in bringing and pursuing the pending criminal charges against Woods. Assuming Loyd is a "district attorney," Woods's claims against him must be dismissed under § 1915(e)(2)(B)(iii) as

seeking monetary relief against a defendant who is immune.

Despite Woods's allegation that Loyd is a "district attorney," publicly available records show that Loyd is Harris County assistant public defender appointed to represent Woods. *See* Case Details, https://www.hcdistrictclerk.com (last visited Mar. 18, 2024). To be liable under § 1983, the defendant must be acting under color of state law,[1] and neither public defenders nor appointed or retained private defense attorneys act under color of state law when performing a lawyer's traditional functions in representing a criminal defendant because he or she is acting on behalf of the defendant rather than on behalf of the State. *See, e.g., Polk County v. Dodson*, 454 U.S. 312, 318, 324-25 (1981); *Mills v. Crim. Dist. Court No. 3*, 837 F.2d 677, 679 (5th Cir. 1988) (holding that "private attorneys, even court-appointed attorneys, are not official state actors, and generally are not subject to suit under section 1983"); *Amir-Sharif v. Dallas Cnty. Public Defender's Office*, 233 F. App'x 364, 365 (5th Cir. 2007) (per curiam) (dismissing claims against a county's public defenders "because they are not state actors for § 1983 purposes").

Whether he is an assistant public defender or an appointed private attorney,

---

[1]Limited exceptions to this general rule exist when the plaintiff can show that the private actor was implementing an official government policy or when the private actor's actions are fairly attributable to the government. *See Rundus v. City of Dallas, Tex.*, 634 F.3d 309, 312 (5th Cir. 2011). A private party who conspires with state actors to deprive another of his constitutional rights may also be considered a state actor. *See Priester v. Lowndes County*, 354 F.3d 414, 421 (5th Cir. 2004). Woods's complaint does not allege facts showing that any of these exceptions apply to his case.

Loyd is not acting "under color of state law" while representing Woods. Woods's claims against Loyd must be dismissed under § 1915(e)(2)(B)(ii) for failing to state a claim upon which relief can be granted.

**C. Claims Against the Houston Police Department**

Woods sues the Houston Police Department based on claims of an illegal search, illegal arrest, and false evidence. These claims are stayed and dismissed as premature under the Supreme Court's decision in *Heck v. Humphrey,* 512 U.S. 477, 486-87 (1994).

*Heck* bars any cause of action under § 1983, regardless of the type of relief sought, that would necessarily imply that a conviction or sentence is invalid unless the conviction has already been invalidated through proper channels. *Id. Heck* also applies to pending charges when the allegations would, if true, necessarily imply those charges or potential convictions are invalid. *See, e.g., Mackey v. Dickson*, 47 F.3d 744, 746 (5th Cir. 1995) (per curiam) ("[I]f he is convicted and evidence is presented by the prosecution at his criminal trial which is a direct or indirect product of one or more of his arrests, then his section 1983 damage claims challenging the validity of his arrests would appear to undermine the validity of his conviction and hence be barred by *Heck*."); *Agbonifo v. Boyden*, No. H-17-1872, 2017 WL 3267790, at *2 (S.D. Tex. July 27, 2017).

Woods has been charged with capital murder. His current claims of an illegal

search, illegal seizure, false imprisonment, and falsified evidence would, if true, necessarily implicate the validity of those charges and potential convictions. Because of this, his current civil rights claims are premature under *Heck*.

In this situation, the proper procedure is for the court to stay the civil rights action until the state-court proceedings have concluded. *See Wallace v. Kato*, 549 U.S. 384, 393-94 (2007). Woods may not proceed with his claims against HPD unless and until the currently pending Harris County criminal charges have been finally resolved in his favor. If Woods does not obtain such relief in state-court proceedings, the bar created in *Heck* will preclude this action.

### D. *Younger* Abstention

Even if Woods's claims against HPD were not premature under *Heck*, this Court would decline to exercise jurisdiction over this case under *Younger v. Harris*, 401 U.S. 37, 54 (1971). *Younger* requires federal courts to abstain from exercising jurisdiction when: (1) the federal proceeding would interfere with an "ongoing state judicial proceeding"; (2) the state has an important interest in regulating the subject matter of the claim; and (3) the plaintiff has "an adequate opportunity in the state proceedings to raise constitutional challenges." *Bice v. La. Pub. Defender Bd.*, 677 F.3d 712, 716 (5th Cir. 2012). Exceptions to the *Younger* doctrine exist when "(1) the state court proceeding was brought in bad faith or with the purpose of harassing the federal plaintiff, (2) the state statute is 'flagrantly and patently

violative of express constitutional prohibitions in every clause, sentence, and paragraph, and in whatever manner and against whomever an effort might be made to apply it,' or (3) application of the doctrine was waived." *Texas Ass'n of Bus. v. Earle,* 388 F.3d 515, 519 (5th Cir. 2004) (quoting *Younger,* 401 U.S. at 49).

Woods's claims meet all three requirements for abstention under *Younger* and do not fall under any of the exceptions. Any decision by this Court on the legality of the Woods's arrest and the validity of the charges against him would interfere with the ongoing state-court criminal proceedings. *See Younger*, 401 U.S. at 41; *Earle*, 388 F.3d at 518 ("Under the rule set out by [*Younger*], federal courts must refrain from considering requests for injunctive relief based upon constitutional challenges to state criminal proceedings pending at the time the federal action is instituted."). The State of Texas has an important interest in enforcing its criminal laws. *See DeSpain v. Johnston,* 731 F.2d 1171, 1176 (5th Cir. 1984). And Woods may raise his claims of an illegal search, illegal arrest, and falsified evidence in the state-court criminal proceedings and again on appeal if he is ultimately convicted.

Because Woods's claims meet the requirements for *Younger* abstention, the Court declines to exercise jurisdiction under *Younger* and dismisses this action.

## IV. CONCLUSION

Based on the foregoing, the Court **ORDERS** as follows:

1. Woods's civil rights claims, (Dkt. 1), against the Honorable Lori Chambers Gray and Attorney Ian Thomas Loyd are **DISMISSED with prejudice** under 28 U.S.C. § 1915(e)(2)(B).
2. Woods's civil rights claims against the Houston Police Department are **DISMISSED without prejudice** under *Heck*. Woods may move to reopen this action only after all pending state criminal charges against him are finally resolved in his favor, including any appeals.
3. Any pending motions are **DENIED** as moot.

The Clerk shall send a copy of this Memorandum Opinion and Order to the plaintiff.

SIGNED at Houston, Texas on March 19, 2024.

DAVID HITTNER
UNITED STATES DISTRICT JUDGE